THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

August 28, 1970

Hon. A. J. (Jack) Hartel
County Attorney
Liberty County Courthouse
Liberty, Texas

Opinion No. M-671

Re: Whether a mother may be
promoted to tax assessor-
collector of a school dis-
trict when her son is a
member of the board of such
district without violating
Article 432, Vernon's Penal
Code.

Dear Mr. Hartel:

Your recent letter to this office requesting an
opinion concerning the referenced matter states, in part, as
follows:

"The Hardin Independent School District
has had in its continuous employ, Mrs. A. E.
Cessna, for the past six (6) years as Assistant
Tax Assessor-Collector. This past April (1970)
Mrs. Cessna's son was elected to serve on the
Board of Education of the Hardin Independent
School District . . .

"The Hardin Independent School District
would like to promote Mrs. Cessna to the job
of Tax Assessor-Collector . . .

"The question has been raised by a tax-
payer in the Hardin Independent School District
as to whether this would be a violation of
Article 432 of the Penal Code, pertaining to
nepotism . . .

". . . .

"I would appreciate your opinion as to
whether the above-mentioned fact situation
would constitute a violation of Article 432 of
the Penal Code . . ."

hold their employment, or to office which might give rise but for this amendatory Act to a conflict with the nepotism laws of this State or some municipal corporation; the fact that persons who have continuously served in public office and employment in this State prior to the election to some office of a relative should not be discharged for that reason alone; and the fact that the purpose of the nepotism law was not to oust such persons from legitimate employment in this State, create an emergency and an imperative public necessity that the Constitutional Rule requiring all bills to be read on three several days in each House be and the same is hereby suspended; and this Act shall take effect and be in force from and after its passage; and it is so enacted." Acts 52nd Leg. R.S. 1951, ch. 97, p. 159.

It is clear that the party involved in the instant fact situation may remain in her position as Assistant Tax Assessor-Collector, despite the fact that her son is on the school board, by virtue of the underscored provisions of the Article.

What is at issue here is whether her promotion to a higher position, within the same office, would be allowable as being within the language of the Article relating to "such office, position, clerkship, employment or duty."

The statement of legislative purpose quoted in Section 3 of the Act, supra, evidences that the underscored provisions of the Article were added to prevent a person's losing his job solely because a relative within the prohibited degree had been elected to another public position.

It is our opinion that the Legislature intended by the underscored language of the Article, supra, only that a person would not lose his job if a relative were elected to an office within the Article's purview. We cannot conclude that the Legislature, in view of the spirit of the other provisions of the Article, intended that a relative of such an officeholder could be promoted to a position whereby his financial remuneration would be enhanced.

In view of the foregoing, your question is answered in the affirmative.

Article 432, Vernon's Penal Code, provides as follows:

"No officer of this State nor any officer of any district county, city, precinct, school district, or any other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment of any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation or such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree." (Emphasis added.)

Section 3 of the Act amending Article 432, supra, to include the above underscored provisions therein, states that the reasons the Article was so amended were as follows:

"The fact that numerous employees of the State and its agencies and subdivisions whose services are valuable to the State are required to give up such employment because members of their family may be, from time to time, elected to office in this State, under whom such employees

S U M M A R Y

Pursuant to Article 432, Vernon's Penal
Code, a mother, currently employed as assistant
tax assessor-collector of a school district, may
not be promoted to the position of tax assessor-
collector as long as her son serves as a member
of the school board of such district.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Grace
Bob Flowers
Bob Lattimore
Arthur Sandlin

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant